14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 William A. LOWE, Plaintiff-Appellant,
v.
CITY OF EAST CHICAGO, INDIANA, et al., Defendants-Appellees.
 No. 92-1219.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993*
Decided Dec. 22, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 William Lowe filed an action under 42 U.S.C. Sec. 1983, and a jury trial was held. At the close of evidence, Lowe moved for a directed verdict on Count I. The district court denied the motion, and the evidence was submitted to the jury. The jury found for the defendants on both Count I and Count II. Lowe then served and filed a "Motion for Judgment N.O.V. and New Trial." The district court granted Lowe a new trial on Count I against some of the defendants.
 
 
 2
 Lowe filed a notice of appeal. We dismissed his appeal as premature because he had been granted a new trial. Two days before Lowe's scheduled trial, he filed a motion for continuance. On the day of trial, the district court denied the motion. Lowe stated that he was unable to proceed, and the district court dismissed his complaint pursuant to Fed.R.Civ.P. 41(b). That dismissal, for failure to prosecute, is not in issue. Instead Lowe contends that he is entitled to judgment on the basis of the first trial. This claim is the only one preserved for review; we disregard other portions of Lowe's rambling brief.[1]
 
 
 3
 We review de novo the district court's denial of a motion for JNOV. Lester v. Resolution Trust Corp., 994 F.2d 1247 (7th Cir.1993). "We must determine whether there is sufficient evidence, when combined with all inferences reasonably drawn, to support the jury's verdict when the evidence is viewed in the light most favorable to the nonmoving party." Walden v. Illinois Central Gulf R.R., 975 F.2d 361, 364 (7th Cir.1992) (quoting Siddiqi v. Leak, 880 F.2d 904, 908 (7th Cir.1989)). We may not reweigh or reevaluate the evidence.
 
 
 4
 In Count I, Lowe alleged that on March 10, 1987, Officers Morris and Davis arrested him without probable cause and that Officers Morris, Davis, Hagler, Nava, and Kurmis used excessive force in arresting and detaining him.[2] That night Lowe had been charged with "no license in possession, expired plates, disorderly conduct, resisting arrest, and failure to identify himself." (R. at 88; Tr. at 137.) A jury could conclude, based on the charges, that the officers had probable cause to arrest him. It would have been reasonable for the jury to have found that Lowe was originally stopped for expired plates and arrested after failing to identify himself, failing to produce a license, and engaging in disorderly conduct. Lowe also alleges that Officer Davis handcuffed him on Officer Morris' orders and watched as Officer Morris beat Lowe with her nightstick. Officer Davis testified at the trial that he did not see Officer Morris strike Lowe. (Tr. at 364.) His testimony supports the jury's determination that the officers did not use excessive force in arresting Lowe. Admittedly, the evidence for the defendants was slim, but we may not substitute our judgment for that of the jury. There is sufficient evidence for the jury to have arrived at its verdict.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [1]
 A motion for JNOV must be accompanied by a prior motion for a directed verdict. McGee v. Bauer, 956 F.2d 730 (7th Cir.1992); Fed.R.Civ.P. 50. Lowe moved for a directed verdict only on Count I. (Lowe filed his motion before the 1991 amendment of Rule 50; therefore we will follow the prior version of Rule 50. Pro Football Weekly, Inc. v. Gannett Co., Inc., 988 F.2d 723, 725 (7th Cir.1993).)
 
 
 [2]
 Lowe's brief discusses conspiracy and other theories of liability, but only the issues of probable cause and excessive force were presented to the jury on Count I. (R. at 86, 89; Tr. at 570-78.)